UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Reshma Bhoopersaud,

                               Plaintiff,                          **COMPLAINT**

                  -against-

                                                              **JURY TRIAL DEMANDED**

Heritage Financial Credit Union,

                              Defendants.
------------------------------------------------------------------X

## COMPLAINT FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

### JURISDICTION AND VENUE

1. **Federal Question Statute**: 42 U.S.C §2000e – 5(f) et. seq. (Title VII of the Civil Rights Act of 1964).

2. **Jurisdictional Statute**: 28 U.S.C. §1331 (Federal Question).

3. **Supplemental State Law Statute under 28 U.S.C. § 1367**: New York Labor Law §215, and §296 of NY State Executive Law.

4. **The basis for venue in the Southern District of New York:** 28 U.S.C. §1391(b)(1) because the Defendants conduct business there and the cause of action arose there.

### THE PARTIES

5. Plaintiff Reshma Bhoopersaud ("Bhoopersaud") or ("Plaintiff") resides at 281 Lakeshore Drive, Pine bush New York 12566.

6. Defendant classified Plaintiff as a statutory employee and provided Plaintiff with a W2 earnings statement at the commencement of each calendar year.

7. On information and belief, Heritage Financial Credit Union ("Heritage") or ("Defendant") is a credit union located at 25 Rykowski Ln, Middletown, NY 10941, the same location where Plaintiff worked.

8. At all times relevant, Defendant owned, operated, and/or maintained its place of business in the State of New York, County of Orange.

9. During any period of time whatsoever during the six years immediately preceding the filing of this Complaint, Defendant had the ability to perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the Plaintiffs' wage rate, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

10. Defendant is an employer as defined by 42 U.S.C. § 2000e and as defined by the New York State Human Rights Law, and as defined in the New York Labor Law.

## BACKGROUND FACTS

11. Defendant employs fifteen (15) or more employees.

12. Plaintiff Reshma Bhoopersaud was and is a resident of the State of New York County of Orange.

13. Plaintiff is an Asian female of Indian descent.

14. Defendant Heritage Financial Credit Union hired Ms. Bhoopersaud on or around July 21, 2021.

15. Defendant fired Ms. Bhoopersaud on or around March 11, 2022.

16. Ms. Bhoopersaud possessed proper qualifications for Defendants to continue her employment as evidenced by her lack of disciplinary history with Heritage, and lack of any complaints regarding her work performance.

17. Ms. Bhoopersaud was supervised by Melissa Robinson ("Ms. Robinson") a branch supervisor at Heritage Financial Credit Union. On or around January of 2022, Ms. Robinson began racially harassing Ms. Bhoopersaud.

18. Ms. Robinson frequently made derogatory comments regarding Ms. Bhoopersaud's heritage, skin color, marital status, and household affairs.

19. For example, Ms. Robinson subjected Ms. Bhoopersaud to racialized and derogatory comments, referring to Plaintiff and people of her ethnicity as "you people" and "brown."

20. Ms. Bhoopersaud made several complaints directed to Amanda Livingston, the HR manager, and to her direct manager, Angela Morrill, regarding Ms. Robinson's unlawful racial harassment.

21. Heritage attempted to conduct an alleged "conflict resolution meeting," however Heritage failed to address the racial harassment that was occurring at their place of employment.

22. Plaintiff stated at the meeting that this type of racial harassment should not be tolerated by an organization, and it was unacceptable. Heritage responded by saying that this was something Plaintiff simply had to deal with.

23. Heritage never attempted to discipline Ms. Robinson or address the racial harassment experienced by Ms. Bhoopersaud.

24. Heritage stated that this behavior "wasn't typical of Melissa" and concluded this was a "personal situation."

25. In response to Plaintiff's complaints, Defendant called Plaintiff and terminated her without cause and in clear retaliation for making complaints of discrimination.

**FIRST CAUSE OF ACTION**
(Discrimination under the Civil Rights Act of 1964 ("Title VII")
(*42 USC §2000e-2*)

26. Plaintiff hereby repeats, realleges, and reincorporates each allegation set forth in this Complaint.

27. Pursuant to Title VII, it is unlawful to discharge any individual, or to discriminate against any individual regarding her compensation, terms, conditions, or privileges of employment because of such individuals race, color, religion, sex, or national origin.

28. Plaintiff is a member of a protected class pursuant to Title VII, namely Plaintiff is an Asian female of Indian descent, and further possessed proper qualifications for Defendant to continue her employment.

29. Defendant and/or its agents discriminated against Plaintiff on the basis of her Asian race and Indian national origin by subjecting her to derogatory racial comments at the hands of her supervisor, and by failing to adequately address such racist behavior.

30. Instead of addressing said racist behavior, Defendants subjected Plaintiff to unlawful retaliation, and subsequent termination.

31. As a direct and proximate cause of Defendants unlawful discriminatory conduct, Plaintiff suffered and continues to suffer mental anguish and emotional distress including stress and anxiety and emotional pain and suffering, for which she is entitled to an award of monetary damages and any other relief including all the lost wages, liquidated damages equal to the lost wages, prejudgment interest, attorney fees, expenses starting from her date of termination, and reasonable front pay.

**SECOND CAUSE OF ACTION**
(Retaliation under the Civil Rights Act of 1964)
(42 USC §2000e-3(a))

32. Plaintiff hereby repeats, realleges, and reincorporates each allegation set forth in this Complaint.

33. Pursuant to the Civil Rights Act of 1964 ("Title VII"), it is unlawful to take any retaliatory action against an employee who engages in protected activity.

34. Ms. Bhoopersaud engaged in protected activity when she tried to file a formal complaint about the ongoing racial and national origin discrimination and harassment to which she was subjected by her supervisor.

35. Defendant failed to follow normal disciplinary protocols and terminated Ms. Bhoopersaud without valid reasons shortly after engaging in said protected activity. This action was taken in retaliation for her complaining about workplace harassment and discrimination.

36. As a direct and proximate cause of Defendants unlawful retaliatory and discriminatory conduct, Plaintiff suffered and continues to suffer mental anguish and emotional distress including stress and anxiety and emotional pain and suffering, for which she is entitled to an award of monetary damages and any other relief including all the lost wages, liquidated damages equal to the lost wages, prejudgment interest, attorney fees, expenses starting from her date of termination, and reasonable front pay

## THIRD CAUSE OF ACTION
(Discrimination-State)
(§296 of NY State Executive Law)

37. Plaintiff hereby repeats, realleges, and reincorporates each allegation set forth in this Complaint.

38. Pursuant to the New York State Human Rights Law it is unlawful for an employer to discriminate against an employee in compensation or in terms, conditions, or privileges of employment because of an individual's age, race, creed, color, national origin, sexual orientation, familial status, marital status, etc.

39. Plaintiff is a member of a protected class under the New York State Human Rights Law; namely Plaintiff is an Asian female of Indian descent, and further possessed proper qualifications for Defendant to continue her employment.

40. Defendant and/or its agents discriminated against Plaintiff on the basis of her Asian race and Indian national origin by subjecting her to derogatory racial comments at the hands of her supervisor, and by failing to adequately address such racist behavior.

41. Instead of addressing said racist behavior, Defendants subjected Plaintiff to unlawful retaliation, and subsequent termination.

42. As a direct and proximate cause of Defendants unlawful discriminatory conduct, Plaintiff suffered and continues to suffer mental anguish and emotional distress including stress and anxiety and emotional pain and suffering, for which she is entitled to an award of monetary damages and any other relief including all the lost wages, liquidated damages equal to the lost wages, prejudgment interest, attorney fees, expenses starting from her date of termination, and reasonable front pay.

## FOURTH CAUSE OF ACTION
(Retaliation-State)
(§296 of NY State Executive Law)

43. Plaintiff hereby repeats, realleges, and reincorporates each allegation set forth in this Complaint.

44. Pursuant to the New York State Human Rights Law it is unlawful to retaliate against an employee for complaining about a hostile work environment.

45. Plaintiff engaged in protected activity when she tried to file a formal complaint about the ongoing discrimination and racial harassment to which she was subjected by her supervisor.

46. Defendant failed to follow normal disciplinary protocols and terminated Plaintiff without valid reasons shortly after engaging in protected activity. This action was taken in retaliation for her complaining about workplace harassment and discrimination.

47. As a direct and proximate cause of Defendants unlawful discriminatory conduct, Plaintiff suffered and continues to suffer mental anguish and emotional distress including stress and anxiety and emotional pain and suffering, for which she is entitled to an award of monetary damages and any other relief including all the lost wages, liquidated damages equal to the lost wages, prejudgment interest, attorney fees, expenses starting from her date of termination, and reasonable front pay.

## FIFTH CAUSE OF ACTION
(Retaliation under the New York Labor Law)
(N.Y.L.L §215)

48. Plaintiff hereby repeats, realleges, and reincorporates each allegation set forth in this Complaint.

49. Pursuant to the New York Labor Law §215, it is unlawful to take any retaliatory action against an employee who engages in protected activity.

50. Ms. Bhoopersaud engaged in protected activity when she tried to file a formal complaint about the ongoing discrimination and racial harassment to which she was subjected by her supervisor.

51. Heritage failed to follow normal disciplinary protocols and terminated Plaintiff without valid reasons shortly after engaging in protected activity. This action was taken in retaliation for her complaining about workplace harassment and discrimination.

52. Plaintiff is entitled to receive all the lost wages, liquidated damages equal to the lost wages, prejudgment interest, attorney fees, expenses starting from her date of termination, and reasonable front pay.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Directing the Defendant to pay all lost wages, wage supplements, and lost fringe benefits as

a result of Defendant's unlawful termination of Plaintiff;

B. Directing Defendant to pay Plaintiff compensatory and punitive damages;

C. Directing Defendant to pay prejudgment interest, postjudgment, interest, costs and disbursements, and such other and further relief as this Court deems just and equitable.

D. Directing Defendant to pay the reasonable attorney fees and expenses incurred in bring this Action;

E. Any other form of relief deemed just and proper.

Dated:   White Plains, New York
         January 27, 2023

EL-HAG & ASSOCIATES, P.C

/s/ Jordan El-Hag

_____

Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com
